IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STEVIE AMES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. _____ |
| v. | ) |
| | ) Judge _____ |
| PIRELLI TIRE CORPORATION, UNITED STEEL | ) |
| WORKERS OF AMERICA, and URW LOCAL | ) On Removal from |
| UNION 670, | ) Davidson County |
| | ) Circuit Court |
| Defendants. | ) No. 06C664 |

## NOTICE OF REMOVAL

Defendants United Steel Workers of America and URW Local Union 670, with the consent of all defendants, pursuant to 28 U.S.C. §§1441 and 1446 hereby remove this case from the Davidson County Sixth Circuit Court, Twentieth Judicial District, State of Tennessee, to the United States District Court for the Middle District of Tennessee.

As grounds for removal, Defendants rely on the following:

1. The action is removable under 28 U.S.C. § 1441(b) and (c), in that this is an action of which the federal district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, and that if there is any separate or

independent claim contained in the case that would not qualify for removal in and of itself under Section 1441(b), it qualifies for removal under 28 U.S.C. § 1441(c).

2. Removal here is timely. The last Defendant served was the United Steel Workers, which was served by certified mail on Dec. 27, 2006. See Exhibit 1 (summonses and returns of service). Counsel for Pirelli has advised undersigned counsel that Pirelli consents to this removal. The URW Local 670 was canceled pursuant to the terms of the constitution of the international union on June 23, 1997, and is no longer in existence. Any matters involving that former local union are handled by the international union, the surviving labor organization.

3. The Complaint herein (attached as Exhibit 2) alleges three claims – two solely against Defendant Pirelli Tire Corporation (hereinafter Pirelli), and one against Defendants United Steel Workers of America and URW Local Union 670 (hereinafter the Unions).

4. The claim of each plaintiff against the Unions is for interference with contract. It alleges that the Unions and Pirelli negotiated and reached agreements that the plaintiffs, replacement workers hired during a strike at a Pirelli plant in 1995, would be fired and that these agreements resulted in the firing of such plaintiffs. *See, e.g.*, Complaint ¶¶ 87-95; 108-119. By alleging that the actions of the Unions in collectively bargaining with Pirelli (see, e.g., ¶¶ 67-69, 78-79, 93-95) caused and resulted in the termination of the plaintiffs, and that these actions violated federal law by, *inter alia,* constituting unfair labor practices (see, e.g., Complaint, ¶¶ 82, 83, 110-112, 119), the face of the Complaint is removable because it implicates federal jurisdiction in at least two ways:

**A. Section 301 LMRA.** Plaintiffs' ostensible state law claims against the Unions for interference with contract are removable and preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et seq. because they are completely preempted by

Section 301, which "governs claims founded directly on rights created by collective-bargaining agreements [CBA], and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394-95 (1987), quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 863 n. 5 (1987). Resolving such claims necessarily will involve "address[ing] the relationship between the individual employment contracts [that these plaintiffs allege they had with Pirelli] and the collective [bargaining] agreement"[1] between Pirelli and the Unions, including but not limited to the pre-strike CBA, the collective bargaining agreement that settled the strike, the post-strike CBA, and the agreement extending the probationary period alleged in Complaint ¶¶ 87-88. Moreover, the plaintiffs' claims "rely upon the collective agreement [at least] indirectly."[2]

The claims against Pirelli (for breach of contract and alleged violation of right to work provisions) similarly appear that they will involve "address[ing] the relationship between the individual employment contracts [that these plaintiffs allege they had with Pirelli] and the collective [bargaining] agreement" between Pirelli and the Unions, including but not limited to the pre-strike CBA, the collective bargaining agreement that settled the strike, the post-strike CBA, and the agreement extending the probationary period alleged in Complaint ¶¶ 87-88. Moreover, the plaintiffs' claims "rely upon the collective agreement [at least] indirectly." *Id.* Thus these claims against the company likewise appear to be, if not "claims founded directly on rights created by collective-bargaining agreements," then certainly claims "'substantially dependent on analysis of a collective bargaining agreement.'" *Caterpillar, Inc. v. Williams*, 482 U.S. at 394-95, quoting *Electrical Workers v. Hechler*, 481 U.S. at 863 n. 5). The Sixth Circuit has recently written at some length on the broad meaning of collective bargaining agreements

---

[1] *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985).
[2] *Id.*

under federal law, as they extend to the whole employment relationship. *See United Steelworkers et al. v. Cooper*, __ F.3d __, 2007 WL 101990 at *5-8 (Jan. 17, 2007).

**B  NLRA *Garmon* preemption.** Plaintiffs' state law claims against the Unions for interference with contract also are preempted by the National Labor Relations Act, 29 U.S.C. § 141 *et seq.*, as amended by the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.* The touchstones of such preemption include 29 USC § 157, the rights of employees as to organizing, collective bargaining, and to refrain from such conduct; 29 U.S.C. § 158 which regulates in detail such conduct; and a provision that creates the specific forum for such regulations – the NLRB (29 U.S.C. § 155).

The U.S. Supreme Court has held that state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the Act. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959); *Local 926, International Union of Operating Engineers, AFL-CIO v. Jones*, 460 U.S. 669, 675 - 676 (1983). Further, as an additional touchstone, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "preempts claims that are inextricably intertwined with consideration of the terms of a collectively-bargained labor contract." *In re General Motors Corp.*, 3 F.3d 980, 984 (6th Cir. 1993); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

The propriety of the Unions' conduct in the matters alleged in the Complaint is governed by federal law entrusted to the exclusive jurisdiction of the NLRB. In fact, judicial resolution of Plaintiffs' claims would require a court to examine the merits of the unfair labor practice charges filed against Defendant Pirelli by the Unions; to determine whether those allegations converted the strike from an economic strike to an unfair labor practice strike; and to determine the strikers' federal reinstatement rights. *Belknap, Inc v Hale*, 463 U.S. 491, 103 S. Ct. 3172, 77 L.Ed. 2d

798 (1983). All of these factors raise substantial federal questions within the exclusive expertise of the NLRB, the agency created by Congress for the resolution of these issues. As such, any state regulation must be preempted, absent a showing that a compelling state interest exists that is so narrowly drawn as not to displace the overriding federal interest as determined by Congress.

Here, Plaintiffs have gone so far as to assert that Tennessee law makes it unlawful for a union to attempt to restore strikers to their jobs via negotiations, an activity clearly protected by the NLRA.

Similarly, the two separate claims against the company make similar allegations that Pirelli's conduct was prohibited by federal law and/or was an unfair labor practice. *See, e.g.,* Complaint, ¶¶ 81, 82, 83, 90, 102, 104-05. They, too, appear to be subject to *Garmon* preemption.

**C. Federal preemption Defenses "Collaterally Estopped" in State Court --** The claims against the Unions and Pirelli additionally are removable in this case -- even if ordinarily one of such claims might be subject not to removal but only to assertion as federal preemption defenses in the state court – because (1) the state courts thus far have refused to allow these Defendants to assert these federal preemption rights as defenses in the state courts, and (2) counsel for Plaintiffs herein, claiming "privity" between these plaintiffs and others in parallel litigation, recently have made it clear that they intend to move to prevent any assertion in state courts by Defendants of these federal rights.

This unusual situation has developed from the history of litigation arising out of the same 1995 strike. The first lawsuit arising from the strike was filed in the Circuit Court for Davidson County, Tennessee, then removed to this federal district court, in 1995. *See generally Baldwin v. Pirelli Armstrong Tire Corporation et al.*, 927 F. Supp. 1046 (M.D. Tenn. 1996)(Campbell,

J.)(Ex. 3). This federal district court held certain claims preempted and subject to removal, and other claims not subject to removal, but reserved opinion on "whether NLRA preemption is a valid or invalid defense . . . on the merits." *Id.* at 1055. Further, the court at that time ordered plaintiffs to amend the complaint to disentangle what the court had found were state law claims that were "'inextricably intertwined with consideration of the terms' of a collectively-bargained labor contract." 927 F. Supp. at 1057, quoting *Allis-Chalmers v. Lueck, supra,* 471 U.S. at 213 and *In re General Motors Corp.*, 3 F.3d 980, 984 (6th Cir. 1993). Plaintiffs were further and specifically ordered to amend the interference with contract claim:

> to clarify if it is based in any manner on an agreement with Pirelli and the Unions to terminate the employment of Plaintiffs. Plaintiffs shall expressly state whether or not the Interference with Contract . . . claim is based directly, or indirectly, on an agreement or contract between Pirelli and the Unions to terminate the Plaintiffs. [Thereafter t]he Court will then revisit the question of whether the Complete Preemption Doctrine applies to the Interference with Contract . . . claim for purposes of the Motion to Remand.

927 F. Supp. at 1057. Subsequently, the *Baldwin* plaintiffs did amend the complaint to disclaim the existence of any agreement between the Unions and Pirelli to terminate the plaintiffs. That amended complaint dropped any allegation that there was any agreement, specifically disclaiming such, and making other changes to avoid Section 301 preemption. *See* Memorandum Opinion, *Baldwin v. Pirelli Armstrong et al.* (M.D. Tenn.), Doc. No. 30, May 1, 1996, at pp. 3-4 ("although not resulting in any agreement")(Ex. 4).

The *Baldwin* case, after the amendment just referenced, in consequence was remanded to state court and, after further proceedings ultimately settled. No class was sought or certified. At no time, in this federal court or in state court, did plaintiffs therein move for class certification, although the 60-day deadline after filing provided by both courts' local rules was long past. *See* Local Rule 23.01(b)(M.D. Tenn.); Davidson Cty. Local Rule 26.14(both 60 day deadlines).

Some six years later, in 2002, following settlement and dismissal of *Baldwin*, another case with several former replacement-worker plaintiffs from the 1995 strike, *Tigg v Pirelli Tire Corporation et al.*, was filed in the Davidson County Circuit Court. The 10 *Tigg* plaintiffs are represented by the same counsel as are the 270 plaintiffs in the instant case. *Tigg*, like the instant case, flatly and repeatedly alleges collective bargaining agreements between the Unions and Pirelli to have the replacement workers terminated after the and as a result of the strike settlement, and that these agreements and related conduct violated federal and law, and constituted unfair labor practices. *Tigg*, like *Baldwin*, also was filed as a class action, and once again, despite proceedings well past the 60-day local rule in the Davidson Count circuit courts for filing for class certification, at no time did plaintiffs therein move for class certification.

The trial Court in the Davidson County First Circuit (Gayden, J.) granted Rule 12 motions to dismiss *Tigg* on the grounds of statute of limitation and laches, holding *inter alia* that there had been no tolling of the statute of limitation resulting from the *Baldwin* case. On appeal, the Tennessee Court of Appeals, in an unpublished decision, reversed, reinstating certain claims (breach of contract against Pirelli and interference with contract against the Unions) and holding the applicable statutes of limitation tolled as to these claims by the pendency of the *Baldwin* case.

In a further noteworthy ruling in the same opinion, the Tennessee Court of Appeals held that Pirelli and the Unions were "collaterally estopped" from asserting federal preemption defenses under Section 301 of the LMRA because, the court said, these defendants had "presented this same defense in the *Baldwin* case, and this court discussed and rejected it." *Tigg v. Pirelli et al.*, 2005 WL 3508009 (Tenn. Ct. App. Dec. 22, 2005)(Ex. 5), citing *Baldwin v.*

*Pirelli Armstrong Tire Corp.*, 3 S.W.3d 1, 5-6 (Tenn. Ct. App. 1999), *perm. app. denied* (Tenn. 1999). The Court of Appeals' *Baldwin* ruling in this regard, however, was merely that: "Considering only the allegations in the amended complaint we see no allegations that the dispute involves rights created by the CBA, and **without the CBA even being in this record we cannot see how the appellants' claims involve an interpretation of the CBA.**" 3 S.W.3d at 6 (emphasis added).

On Sept. 25, 2006, the Tennessee Supreme Court granted Pirelli's and the Unions' Application for discretionary review in *Tigg* of the decision by the court of appeals under Rule 11 of the Supreme Court of Tennessee, and the appeal is being briefed. In the Brief of Appellees before the Tennessee Supreme Court, the *Tigg* Plaintiffs (represented by the same counsel as the instant Plaintiffs) very recently stated as follows:

1. Some "272 class members" in *Tigg* have "filed suit jointly to protect their individual rights in *Ames* [the instant action] and *Williford* [a companion action also being removed today]. These plaintiffs' counsel called "protective filings."

2. The Defendants in the *Tigg* case "are estopped from relitigating preemption in this case because the Plaintiffs were in privity with the *Baldwin* plaintiffs." *See* Brief of Appellees, *Tigg v. Pirelli*, No. M2003-02118-SC-R11-CV, pp. 14-15, 30, filed Jan. 17, 2007 (excerpts attached as Ex. 6).[3]

By parity of reasoning, these same counsel in the instant *Ames* case and *Williford* thus assert in their *Tigg* brief that the instant Defendants are already estopped from asserting any federal preemption defenses (at least in state court).

---

[3] On p. 15, the *Tigg* Plaintiffs assert that the "parties stayed the cases (*Ames* and *Williford*) pending the outcome of this appeal [in *Tigg*]." This is not so. The Unions were never asked and have never consented to a stay in the instant case.

Therefore, Defendants assert that their third general ground for removal is that the state appellate courts already have taken action that prevents Defendants from asserting their federal preemption rights, that this action constitutes a deprivation of Defendants' rights to due process under the Fourteenth Amendment, and that the assertions by the instant Plaintiffs' counsel in their recent filing of their Brief in *Tigg* (asserting "privity" with the instant case) constitute further new grounds for removal. There is no guarantee whatsoever that the Tennessee Supreme Court necessarily will address this "collateral estoppel" ruling in the present discretionary appeal in *Tigg*, and thus Defendants' only opportunity to assert federal preemption defenses thus may lie in this federal Court

This federal court clearly contemplated that such defenses could be asserted in state courts long ago in these matters when it remanded *Baldwin*. See Mem Op., May 1, 1996, *supra*, Ex. 4, p. 4 ("The Court, as before, makes no finding whether NLRA preemption is a valid or invalid defense to the Interference with Contract claim on its merits.")

For all the reasons stated above, this case is subject to removal to this Court.[4]

---

[4] Only the Summons and Complaint have been served on the Unions. The only other documents in the court file of this case in the office of the Circuit Court Clerk, Davidson County, are an agreed order dated July13, 2006 staying the case pending the outcome of the appeal in *Tigg*. It bears signatures from counsel representing plaintiffs and Pirelli, but not for the Unions, who had not been served at that time. For the convenience of the Court, a copy of that Order is included herewith as Ex. 7. The only other documents in the court record as of Jan. 23, 2007 are two copies of summonses unsuccessfully attempted to be sent by certified mail in March 2006 to each of the Union Defendants at incorrect addresses, which were returned to plaintiffs as "undeliverable" without forwarding addresses. Copies of these additional documents will be promptly filed with this Court by the Union Defendants under separate Notice of Filing per the Court's administrative rules for removed cases.

Respectfully submitted,

*[signature]*

George E. Barrett # 2672
Edmund L. Carey, Jr. # 12013
David W. Garrison # 024968
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, Tennessee 37201
(615) 244-2202

*Attorneys for United Steel Workers and
URW Local 670*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by placing the same in the U.S. Mail, first-class postage prepaid, on:

F. Dulin Kelly, Esq.
Andy L. Allman, Esq.
Clinton L. Kelly, Esq.
629 East Main St.
Hendersonville, TN 37075

Richard L. Colbert, Esq.
1812 Broadway
Nashville, TN 37203

the 25th day of January, 2007.

*[signature]*
EDMUND L. CAREY, JR.